IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(Clarksburg Division)

**WALTER STOCKI**,

    Plaintiff,

v.

Civil Action No. 1:23-cv-3

Judge: Kleeh

ELECTRONICALLY FILED
1/9/2023
U.S. DISTRICT COURT
Northern District of WV

**THE ESTATE OF PATRICK CUNNINGHAM,**

    *Serve on:*
    Donna Comba, Executor
    2114 Butterfield Trail
    Grand Prairie, TX 75052

**FRANK CUNNINGHAM**,

    *Serve on:*
    252 Isaac Creek Road
    Clarksburg, WV 26301

and

**DONNA COMBA**,

    *Serve on:*
    2114 Butterfield Trail
    Grand Prairie, TX 75052

    Defendants.

## COMPLAINT

Plaintiff Walter Stocki, for his Complaint, hereby states as follows:

1. Plaintiff Walter Stocki was, at all times material hereto, a resident of Lakawanna County, Pennsylvania.

2. Patrick Cunningham and Frank Cunningham were partners in a business known as Ten A Coal Company in Harrison County West Virginia.

3. Patrick Cunningham died on January 15, 2021. Upon the death of one partner, the business known as Ten A Coal must dissolve per West Virginia statute, and the business interests of the company pass to the partners and their heirs.

4. The Estate of Patrick Cunningham is in probate in Harrison County, West Virginia.

5. Frank Cunningham is a resident of Harrison County, West Virginia.

6. Donna Comba is the daughter of Patrick Cunningham and she serves as the Executrix of Patrick Cunningham's Estate.

7. Donna Comba is a resident of Dallas County, Texas.

8. At the time of Patrick Cunningham's death, and the dissolution of Ten A Coal Company, Plaintiff Walter Stocki had significant personal property which was situated on property located off of Ten A Coal Company's shop located off Gregory Run Road.

9. Mr. Stocki owned a large amount of scrap metal that was purchased from Ten A Coal Company and scrap that was brought to the property with the knowledge and consent of Ten A Coal Company.

10. Mr. Stocki also owned a Komatsu PC490 excavator with a shear attachment that was brought to the property in January 2020 to help process the scrap.

11. Mr. Stocki contacted the owners of the property, which were Frank Cunningham and the Estate of Patrick Cunningham, through the Estate's executrix, Donna Comba, asking for an opportunity to come onto the property to remove his scrap, excavator, and shear attachment.

12. Mr. Stocki was refused permission to go onto the property formerly belonging to Ten-A Coal Company property to remove his scrap, excavator, and shear attachment.

13. While Donna Comba was acting as the Executrix of her father's estate in handling the estate's business, she also acted personally in refusing to allow Mr. Stocki to retake possession of his personal property.

14. After investing a great deal of time and effort into trying to resolve these issues amicably, during the Summer of 2022, Mr. Stocki was eventually forced to unilaterally come on to the property to take his excavator and shear attachment regardless of the Defendants' refusal to grant him permission.

15. Because Mr. Stocki owned the subject property and was refused permission to recover it from Defendants' property, his scrap material and other property was wrongfully withheld, converted, and Defendants are liable for trespass on the case.

16. As a result of the wrongful withholding of Mr. Stocki's possessions, the Defendants have caused economic harm to the Plaintiff, Walter Stocki.

17. At this time, Plaintiff seeks a Declaratory Judgment forcing the Defendants to allow him to collect his scrap and other possessions that have been wrongfully withheld by Defendants.

18. Plaintiff seeks to recover the economic losses that he has suffered as a result of Defendant's trespass on the case. Specifically, Plaintiff requests the following:

   a. judgment for lost potential income that he could have generated using the excavator from the time period of January 15, 2021 until June 2022, which is estimated to be greater than $25,000.00 per month;

   b. judgment for lost potential profits related to the sale of his scrap metal due to market fluctuations from record high prices to significantly diminished values at present; and

   c. prejudgment and post-judgment interest on all damages as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. Declaratory judgment against all defendants allowing Mr. Stocki to enter the Defendants' property to remove his personal property situated there;

2. Compensatory damages in an amount to be determined by the Court in an amount exceeding the minimum jurisdictional amount of this Court, and

3. All other relief to which Plaintiff is entitled by West Virginia law.

*[signature]*

David E. Goddard (WVSB #8090)
Goddard Law
7 Chenoweth Drive, Suite C
Bridgeport, WV 26330
Tel: (304) 933-1411
Fax: (855) 329-1411
*Counsel for Plaintiff*